**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MOSHE LEICHNER,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | Case No. EDCV 13-2317 JFW (SS)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed Plaintiff's Amended Complaint,[1] Defendant Dr. Alexander Sinavsky's Motion to Dismiss, all the records and files herein, the Report and Recommendation of the United States Magistrate Judge, Defendant's Objections, and Plaintiff's Reply to the Objections. After having made a de novo determination of the portions of the Report and Recommendation to which Objections were directed, the Court concurs with and accepts the findings

---

[1] Consistent with the Report and Recommendation, the Court will refer to Plaintiff's Complaint, as amended by the dismissal of numerous Defendants and claims on August 28, 2015 and October 30, 2017, as the "Amended Complaint."

1 and conclusions of the Magistrate Judge.[2]  However, the Court
2 briefly addresses Defendant's objections, as discussed below.

In his Objections, Dr. Sinavsky argues that Plaintiff is not entitled to equitable tolling for the time the Court previously considered and dismissed a prior complaint alleging the same facts, which required Plaintiff to file a new action following exhaustion. (Obj. at 5). However, Defendant ignores the extraordinary circumstances of the prior action, in which court delays, rather than any lack of diligence on Plaintiff's part, hindered the timely prosecution of the case and thereby delayed the reassertion of Plaintiff's claims in the instant action.

Absent equitable tolling, the instant action would be untimely by slightly more than one year and four months. The Magistrate Judge concluded that, under controlling Ninth Circuit authority, eleven months of that period was automatically tolled while Plaintiff exhausted his claims. (Report and Recommendation at 20) (citing, <u>inter alia</u>, <u>Brown v. Valoff</u>, 422 F.3d 926, 943 (9th Cir. 2005)). Even if automatic tolling for exhaustion did not apply, however, equitable tolling based on the Court's inaction in the prior action would more than adequately render the instant action timely. For the reasons explained in greater detail in the Report, it appears that Plaintiff may be entitled

---

[2] The Court makes one minor correction to the Report. On page 9, line 26, the Court strikes the word "Plaintiff" and inserts the word "Defendant" so that the sentence now reads "Defendant concedes that the applicable statute of limitations is two years, and is tolled for an additional two years due to Plaintiff's incarceration."

to additional tolling which would render the current complaint timely. (See Report at 9-25).

The cases cited by Defendant in support of his statute of limitations Objections are easily distinguishable. For example, unlike the plaintiff in Schwarz v. Meinberg, 2017 WL 4581887, at *2 (C.D. Cal. June 21, 2017), Plaintiff diligently pursued and completed the administrative process well within the statute of limitations period for his civil rights claims. Nonetheless, the prior action was not dismissed until almost three years after Plaintiff's claims were exhausted while Plaintiff was required to wait until the Court completed screening his claims. Similarly, unlike the plaintiff in Fink v. Shedler, 192 F.3d 911, 916-17 (9th Cir. 1999), whose prior action was delayed due to numerous bad faith attempts on plaintiff's part to amend the complaint, Plaintiff in the present case acted diligently in the prior action and promptly amended his pleadings on the Court's instructions.

**IT IS ORDERED** that Dr. Sinavsky's Motion to Dismiss is DENIED WITHOUT PREJUDICE to asserting a statute of limitations and/or qualified immunity defense on summary judgment.

\\
\\
\\
\\
\\
\\

**IT IS FURTHER ORDERED** that Dr. Sinavsky shall file an Answer to the Amended Complaint within fourteen days of the date of this Order.

The Clerk of the Court shall serve copies of this Order on counsel for Plaintiff and on counsel for Defendants.

IT IS SO ORDERED.

DATED: April 17, 2018

JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

4